## 31672. REDDISH v. THE STATE.

PER CURIAM.

Donald Lee Reddish and Horace Barham were jointly tried and convicted for the murder of Jewrice Roberson and sentenced to life imprisonment. Donald Lee Reddish filed the present appeal, enumerating 20 grounds of alleged error.

Jewrice Roberson was found dead of a gunshot wound to the head in his retail store in Wayne County, Georgia on December 3, 1974. Appellant was subsequently

---

arrested for the killing pursuant to a warrant issued on December 10, 1974. On January 10, 1975, he made a taped statement accusing co-defendant Barham, stating that he had been with Barham immediately prior to the killing, that he knew Barham intended to kill Roberson, that he tried to talk Barham out of it, that he left town with Barham after the latter returned from Roberson's store, and that he accepted part of the money which Barham brought back from Roberson's store. Appellant denied any involvement in the planning of the crime or any participation therein. Barham was taken into custody and made a taped confession the following day. He stated that both he and appellant had entered the store with the express intention of killing Roberson, that appellant had done the actual shooting, that they had then removed approximately $600 from the victim's cash register, and that he and appellant had spent the remainder of the day and night together engaged in various pursuits. The two defendants were then brought together, and the tape recordings of their statements were played to them. Barham then repeated his accusation that both he and appellant had gone into the store and that the appellant had shot Roberson. According to the investigating officer who had actually interrogated the defendants, and who was questioned and cross examined on this point several times during the trial, appellant's response was to deny the accusation. According to the sheriff, who was not cross examined on this point, appellant responded by admitting that he had in fact done the shooting. Neither defendant contends that his statements were not made voluntarily.

1. Appellant's primary contention is that the trial court erred in admitting evidence of those portions of Barham's confession which implicated him. This evidence was introduced several times, first by the playing of the tape of Barham's confession, then by the testimony of the investigating officer as to its contents, and finally by repeated testimony as to Barham's accusation of appellant in his presence. In response to appellant's objections, the trial court repeatedly instructed the jury that Barham's confession could be considered only in determining the guilt or innocence of Barham and not in determining the guilt or innocence of appellant. Neither

appellant nor Barham testified at trial.

The law is clear that evidence of the confession of a co-defendant implicating a defendant cannot be admitted against that defendant at a joint trial where the co-defendant does not take the stand and is not available for cross examination. *Hill v. State,* 232 Ga. 800 (1) (209 SE2d 153) (1974); *Reeves v. State,* 237 Ga. 1, 3 (226 SE2d 567) (1976); *Crowder v. State,* 237 Ga. 141, 150 (227 SE2d 230) (1976). See also Douglas v. Alabama, 380 U. S. 415 (85 SC 1074, 13 LE2d 934) (1965); Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968); Roberts v. Russell, 392 U. S. 293 (88 SC 1921, 20 LE2d 1100) (1968). The error created by the admission of such evidence cannot be remedied by instructions to the jury that the co-defendant's confession is to be disregarded in determining the guilt or innocence of the defendant. Bruton v. United States, supra; *Reeves v. State,* supra, p. 3.

The state argues, however, that any error committed by the admission of Barham's confession was harmless when weighed against the evidence of appellant's own statements linking himself to the crime, particularly the sheriff's testimony that appellant had admitted doing the shooting. "The mere finding of a violation of the Bruton rule in the course of the trial . . . does not automatically require reversal of the ensuing criminal conviction. In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the co-defendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error." Schneble v. Florida, 405 U. S. 427, 430 (92 SC 1056, 31 LE2d 340) (1972). "Thus, unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required. See Chapman v. Florida, 386 U. S. 18, 24 (1967)." Schneble v. Florida, supra, at p. 432. See Harrington v. California, 395 U. S. 250 (89 SC 1726, 23 LE2d 284) (1969); *State v. Hightower,* 236 Ga. 58, 60-61 (222 SE2d 333) (1976); *Crowder v. State,* 237 Ga. 141, supra, p. 154. While it is true that appellant's own statements, standing alone, would support a verdict of guilty against him, it cannot be said that they constitute

such overwhelming evidence of guilt as to render the effect of Barham's confession insignificant by comparison. In the first place, there is a conflict as to whether appellant, unlike Barham, ever made a direct admission of guilt. In the second place, in addition to the tape recording of the confession, the jury heard testimony recounting Barham's remarks implicating appellant on four different occasions. In view of the emphasis thus placed on Barham's accusations by the state, it must be concluded that there was at least a "reasonable possibility that the improperly admitted evidence contributed to the conviction." The conviction is therefore reversed.

2. It was not error for the trial court to admit into evidence a photograph of the victim over appellant's objection that it was taken after the body had been moved. "Photographs which tend to show relevant and material facts are admissible although it is alleged that they are designed to inflame and prejudice the jury. *Eberheart v. State,* 232 Ga. 247 (206 SE2d 12); *Dixon v. State,* 231 Ga. 33 (200 SE2d 138)." *McCorquodale v. State,* 233 Ga. 369, 375 (211 SE2d 577) (1974). The photograph was relevant to show the manner in which the victim had been killed.

Appellant's other enumerations of error have been carefully considered and are also found to be without merit.

*Judgment reversed. All the Justices concur, except Nichols, C. J., Jordan and Hall, JJ., who dissent.*

SUBMITTED OCTOBER 29, 1976 — DECIDED JANUARY 4, 1977.

*R. L. O'Brien, Jr., Albert E. Butler,* for appellant.
*W. Glenn Thomas, Jr., District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.