54240, 54327. MYERS v. THE STATE (two cases).

BANKE, Judge.

The defendant appeals his conviction for escape and aggravated assault. At the time of the incident, he was serving a sentence for armed robbery but was confined as a patient at Central State Hospital. His armed robbery sentence had originally been probated. However, the probation was revoked in an order containing the following language: "Subject is to receive psychiatric treatment and hospitalization this date immediately."

1. The verdict was clearly supported by the evidence, which showed that on August 16, 1975, the defendant shot a guard and absented himself from the institution.

2. The defendant contends that the count of the indictment charging him with escape was at fatal variance with the proof as to this count. The indictment alleged that he was in custody "prior to conviction," whereas the evidence showed that he was in custody pursuant to the armed robbery sentence. Standing alone,

this would indeed constitute a fatal variance since escape prior to conviction and escape subsequent to conviction are totally different offenses, the former constituting a misdemeanor and the latter a felony. Code Ann. § 26-2501. However, the indictment also charged the defendant with escaping while armed with a dangerous weapon, which is a felony punishable by one to ten years' imprisonment regardless of whether it occurs before or after conviction. Code Ann. § 26-2501. "Allegations in an indictment wholly foreign to any element of the offense charged may be disregarded as surplusage and need not be proved. The rule is otherwise as to averments which are descriptive of some element in the offense though more precise and detailed than is absolutely necessary." *Shrouder v. State,* 121 Ga. 615 (1) (49 SE 702) (1904); *Dockery v. State,* 95 Ga. App. 486 (1) (98 SE2d 123) (1957). Since the allegation that the escape occurred prior to conviction was irrelevant to the offense charged, i.e., "escape while armed with a dangerous weapon," its presence in the indictment is not fatal to conviction.

3. The trial court did not err in failing to charge the jury that the defendant was presumed insane because he was confined to Central State Hospital. The provision in the probation revocation order stating that he was to be hospitalized for psychiatric treatment did not amount to a legal commitment for or an adjudication of insanity.

Georgia law provides only two methods by which a person may be judicially hospitalized for mental illness, mental irresponsibility, or insanity. One is by court order following an acquittal by reason of insanity or the sustention of a special plea of insanity in a criminal trial. Code Ann. §§ 27-1502, 27-1503. The other is by following the procedures for judicial hospitalization set forth in Code Ann. § 88-507.1 et seq. Thus, the language in the probation revocation order, which does not even purport to be a determination of the defendant's sanity, was merely an attempt to secure psychiatric treatment for the defendant.

4. In view of our holding in Division 2, the trial court did not err in failing to instruct the jury that the state had the burden of proving the defendant's sanity. See *Grace v. State,* 231 Ga. 113 (1) (200 SE2d 248) (1973). The charge

given on insanity placed no burden of proof on the defendant, and he does not contend otherwise.

5. The appeal in case no. 54327, filed by the defendant pro se, is dismissed. The defendant states that the trial judge granted him an out-of-time appeal because his court-appointed attorney failed to file an appeal at the appropriate time. The defendant's conviction was appealed timely (case no. 54240), and thus there is no merit in the defendant's pro se appeal.

*Judgment affirmed in case no. 54240. Appeal dismissed in case no. 54327. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JULY 12, 1977 — DECIDED SEPTEMBER 6, 1977.

*Milton F. Gardner,* for appellant (case no. 54240).
Michael D. Myers, *pro se* (case no. 54327).
*Joseph H. Briley, District Attorney,* for appellee.

