37664. FORTNER v. THE STATE.
37665. RILEY v. THE STATE.
37666. McCLUSKEY v. THE STATE.

HILL, Presiding Justice.

Johnny Fortner, Jr., Christopher Riley and Levon McCluskey were tried jointly, at their own request, for the murder and armed robbery of Charles McGinnis in Rome, Georgia. Riley and McCluskey were convicted of malice murder and armed robbery and given consecutive life sentences; Fortner was found guilty of felony murder and sentenced to life imprisonment. This is their appeal.

McCluskey was driving Fortner and Riley around in Fortner's car on the night of August 15, 1978, when they decided to use Riley's gun to get "some money."[1] While cruising, they saw Charles McGinnis at a telephone booth in front of a Majik Market in north Rome. McCluskey stopped the car and Riley returned to the Majik Market. Riley used the gun to rob the man, who handed over his

[1] This is Fortner's statement to police, corroborated by Riley's statement.

wallet. Then Riley shot the victim in the stomach.[2] After giving police a description of his assailant, the victim died several hours later from injuries caused by the wound. The pathologist found no stippling (powder burns).

The three defendants returned to McCluskey's house, where he lived with his common law wife. After disposing of the gun in a river, McCluskey told his wife that they had shot a man and McCluskey and Riley discussed the shooting in Fortner's presence while they waited two days, reading news reports. They agreed never to mention the incident again and the murder remained unsolved for over two years. The break in the case occurred when McCluskey's wife, who had divorced him in 1979, told the police about the incident as related to her by McCluskey and as overheard by her when the three of the defendants were at her house following the shooting. She was under arrest at the Rome city jail in June, 1980, when she made the revelation. Her statement was taped. Upon being confronted by it, each co-defendant confessed to the crime. They were subsequently indicted and convicted, leading to this appeal.

1. All three co-defendants claim error in the admission of the confessions of the other two in violation of their right to confrontation. In Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), the Court held that where two defendants were tried jointly, where the confession of one defendant inculpating the other was admitted in evidence, where the jury was instructed that the confession was competent evidence as to the confessor but inadmissible hearsay as against the other and was to be disregarded as to the nonconfessor, the nonconfessor was denied the right of cross examination when the confessor did not take the stand.

The case before us is unlike Bruton, supra, and like Parker v. Randolph, 442 U. S. 62 (99 SC 2132, 60 LE2d 713) (1979). In Parker, the three defendants in issue were tried jointly, confessions of all three were admitted as having been freely and voluntarily given, with the names of the other two defendants redacted (i.e., with references to the other two defendants' names replaced), the confessions were interlocking (i.e., corroborated each other, leaving no doubt in the jurors' minds concerning the other persons referred to), and the trial court instructed the jury that each confession could be considered

---

[2] Riley said that he was influenced by McCluskey into committing the robbery and that the gun cocked and discharged when the victim grabbed him. McCluskey stated that the three of them were riding around for another purpose, that Riley demanded that McCluskey stop the car, announced that he was going back up to the phone booth where they had seen a man standing, and that, when Riley returned to the car, he said he had shot the man.

only as against its maker and not against the other defendants. A plurality of the Court held that the right of cross examination was not denied even though none of the three defendants took the stand (i.e., the plurality found no Bruton error). Justice Blackmun, concurring, found that Bruton was violated but that the error was harmless beyond a reasonable doubt.

In the case before us, none of the defendants testified at trial.[3] Transcripts of their taped statements were read to the jury with "the other black male" and "another black male" substituted for the names of the other participants. The statements are clearly interlocking. The jury was instructed at the time of admission and in the charge to consider each confession only against its maker. We find no Bruton error. Parker v. Randolph, supra; *Casper v. State,* 244 Ga. 689 (1) (261 SE2d 629) (1979).[4]

*Reddish v. State,* 238 Ga. 136 (1) (231 SE2d 737) (1977), relied on by the defendants, was decided before Parker v. Randolph and is inapposite. Although the trial court properly instructed the jury in that case, the name of the co-defendant was not removed and the statements were contradictory rather than interlocking. In his statement Reddish denied participating in the robbery while his co-defendant's confession showed Reddish as the triggerman. The Court decided that, in light of all the evidence, the Bruton error was not harmless. Riley argues further that, because he committed the crimes under McCluskey's direction, he is in the same position as Reddish. We disagree and find no Bruton violation as to Riley.

2. Fortner and Riley both enumerate error by the trial court in allowing Deborah McCluskey to testify about the statements made at her house after the crime was committed. We find no error. There was ample evidence of a conspiracy among the defendants so that the statements of any of them to, or overheard by, Deborah McCluskey were admissible against all of them under Code Ann. § 38-306. *Birt v. State,* 236 Ga. 815 (1) (225 SE2d 248) (1976).[5]

---

[3] We note here that the three co-defendants made pro se motions for a joint trial which were granted. Their attorneys advised their clients of the possible consequences, but each elected to proceed to trial with the others.

[4] Insofar as McCluskey argues that he was in fact identified in Riley's statement because it was known that McCluskey lived with Deborah McCluskey and Riley related that they went to her house, we find no error. As was pointed out in *Casper v. State,* supra, interlocking statements are factually similar so that the jury can identify the participants even though the names are deleted. Parker v. Randolph, supra at p. 67, n. 3.

[5] Fortner makes an issue of the fact that Deborah McCluskey testified that she did not hear Fortner say anything about the crime while at her house. However, statements by McCluskey and Riley made in Fortner's presence are admissible

They argue alternatively, however, that even if a conspiracy has been shown, it ended before they arrived at Deborah McCluskey's house, thus rendering their statements inadmissible under Code Ann. § 38-414. This contention has been decided adversely to the defendant's position innumerable times. E.g., *Crowder v. State,* 237 Ga. 141, 152 (227 SE2d 230) (1976). A conspiracy continues during the concealment phase, after the crime has been committed. Here, evidence was presented that the defendants agreed not to discuss the case ever again. By this very fact, the crime went unsolved for over two years until Deborah McCluskey divulged her knowledge of it to police.

There is no merit to these enumerations of error, nor for the same reasons, in McCluskey's enumeration of error that the trial court erred in charging that the co-defendants' statements while attempting to conceal the crime were admissible against the others.

3. Fortner and McCluskey next argue that the evidence against them is insufficient under the standard established by the United States Supreme Court in Jackson v. Virginia, 443 U. S. 307 (99 SC 278, 61 LE2d 560) (1979). Having held that the statements of each, both to the police and to, or overheard by, Deborah McCluskey, were admissible, there is clearly no merit to this contention.

4. Riley complains that the trial court refused to merge the murder and armed robbery charges. In the cases relied on by Riley, *Stanley v. State,* 240 Ga. 341 (1) (241 SE2d 173) (1977), and *Burke v. State,* 234 Ga. 512 (3) (216 SE2d 812) (1975), an element of one crime was evidenced by the commission of the other. There, the crimes merged. Here, Riley was the triggerman. In addition to his confession to the effect that the victim was shot during a struggle, there was evidence introduced that Riley shot the man because McCluskey told him he had to in order to prove he was a man. The jury was authorized to find him guilty of malice murder and of armed robbery. *Massey v. State,* 243 Ga. 228 (10) (253 SE2d 196) (1979).

5. McCluskey also enumerates as error that the trial court erred in charging the law of malice murder. There was evidence presented at trial that McCluskey challenged Riley to shoot the victim. We held in *Burke v. State,* supra, 234 Ga. at 514, that since murder is a probable consequence of a conspiracy to commit armed robbery, a co-defendant "is equally responsible for the murder although he was not the actual slayer and was not present at the time of the killing." Therefore, the evidence supports a charge for malice murder. See also

against Fortner. *Birt v. State,* supra, citing *Smith v. State,* 148 Ga. 332 (1c) (96 SE 632) (1918).

*Massey v. State,* supra.

6. Riley also urges that the trial court erred in failing to allow a thorough and sifting cross examination of Deborah McCluskey. The trial court did not abuse its discretion in disallowing questions which were repetitious, conclusory, or calculated to bring out inadmissible evidence. See *Hodge v. State,* 239 Ga. 612 (238 SE2d 404) (1977).

Finding no reversible error, we affirm the convictions of Riley, McCluskey and Fortner.

*Judgment affirmed. Jordan, C. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 8, 1981.

*Richardson & Shedd, W. Gene Richardson, Roy N. Newman, Robert J. Evans,* for appellants.

*F. Larry Salmon, District Attorney, Stephen F. Lanier, Assistant District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Assistant Attorney General, Wayne B. Kendall,* for appellee.