## 63420. HALL v. THE STATE.

QUILLIAN, Chief Judge.

Defendant Hall and co-defendant Whitehead were jointly tried and convicted for possession of burglar tools, from which Hall takes this appeal.

The state's evidence was as follows: Law enforcement officer Hall was patrolling a residential area in northern Coweta County when he observed a green Monte Carlo car by a tool shed at a residence. He drove on past and turned around and came back and observed that the green car was now sitting in the drive in front of the residence. Hall again drove past, turned around and came back toward the residence. As he approached the green car came out of the drive and drove off to the north at high rate of speed. Hall gave chase

but being unable to catch the car, broadcast a radio lookout for a green Monte Carlo containing two white males. He then returned to the residence and determined that no entry had been made.

Boddie, the chief of police of Palmetto, received a radio call to be on the lookout for a Chevrolet Monte Carlo occupied by two white males heading north from Coweta County. Boddie went to the south end of Palmetto on highway 29 and waited. In a short time a car appeared which matched the description he received on the radio, so he pulled it over. Determining that defendant, who was driving, had no driver's license, Boddie placed defendant under arrest for driving without a license and detained the passenger, co-defendant Whitehead, for Coweta County authorities. Boddie then searched the car and discovered in the passenger compartment the alleged burglar tools (screw driver, tire iron, putty knife, a tire buddy, 2 pair of brown cotton gloves and a pillow case). Officer Hall arrived from Coweta County and saw that the car and its occupants looked like what he had seen. An experienced burglary investigator testified that the alleged burglary tools were of the type commonly used to burglarize houses.

Whitehead made a tape recorded statement that he had intended to commit burglary, and also mentioned the defendant Hall. Prior to any testimony concerning Whitehead's statement, the trial court, in response to defendant's motion in limine, ruled that no reference to defendant Hall would be made in introducing Whitehead's confession. However, when Officer Hall testified to what Whitehead had said he used the term "they" in describing driving to the residence where Officer Hall had seen the car, that "they" had observed Officer Hall's police car driving by, and that "they" had moved the car from the shed back to the front of the house. Defendant objected on the grounds of the violation of the court's order prohibiting any reference to him and the Bruton rule. (Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476)). The objections were overruled, motions for mistrial denied and the jury instructed to consider Whitehead's statement against Whitehead only and not against defendant. The only remaining evidence was defendant's pretrial statement in which he admitted that the tools were his and used them in his work as a painter. Neither defendant testified or presented any evidence. *Held:*

1. The trial court erred in refusing to grant the mistrial. "The law is clear that evidence of the confession of a co-defendant implicating a defendant cannot be admitted against that defendant at a joint trial where the co-defendant does not take the stand and is not available for cross examination. *Hill v. State,* 232 Ga. 800 (1) (209 SE2d 153) (1974); *Reeves v. State,* 237 Ga. 1, 3 (226 SE2d 567) (1976);

*Crowder v. State,* 237 Ga. 141, 150 (227 SE2d 230) (1976). See also Douglas v. Alabama, 380 U. S. 415 (85 SC 1074, 13 LE2d 934) (1965); Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968); Roberts v. Russell, 392 U. S. 293 (88 SC 1921, 20 LE2d 1100) (1968). The error created by the admission of such evidence cannot be remedied by instructions to the jury that the co-defendant's confession is to be disregarded in determining the guilt or innocence of the defendant. Bruton v. United States, supra; *Reeves v. State,* supra, p. 3." *Reddish v. State,* 238 Ga. 136 (1), 138 (231 SE2d 737).

The state argues that since the witness used the word "they" instead of defendant's name there was no Bruton violation, and cites *Fortner v. State,* 248 Ga. 107 (1) (281 SE2d 533) in support. *Fortner* is inapposite, however, as it found no Bruton violation where the words "the other black male" and "another black male" were substituted for the names of the other defendants *and* the interlocking confessions of all three defendants were read into evidence.

In the instant case, the use of the word "they" coupled with evidence that both defendants were stopped in a car a short time after leaving a residence which Whitehead admitted he intended to burglarize, left no doubt in any juror's mind that defendant was included in the expression "they" and had the same effect as if defendant's name had been stated.

" 'The mere finding of a violation of the Bruton rule in the course of the trial . . . does not automatically require reversal of the ensuing criminal conviction. In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the co-defendant's admission is so insignficant by comparison, that it is clear beyond a reasonable doubt that the use of the admission was harmless error.' Schneble v. Florida, 405 U. S. 427, 430 (92 SC 1056, 31 LE2d 340) (1972). 'Thus, unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required. See Chapman v. Florida, 386 U. S. 18, 24 (1967)' Schneble v. Florida, supra, at p. 432." *Reddish v. State,* 238 Ga. 136, 138, supra.

Because the state's case against the defendant was not overwhelming, being completely circumstantial until Whitehead's statement was introduced and thus susceptible to reasonable hypotheses other than guilt, we conclude that there was a "reasonable possibility that the improperly admitted evidence contributed to the conviction," and that the conviction must therefore be reversed. Compare, *Reddish v. State,* 238 Ga. 136 (1), supra; *Jacobs v. Hopper,* 238 Ga. 461 (2) (233 SE2d 169); *Crowder v. State,* 237 Ga. 141, 154, supra.

2. The trial court did not err in denying the motion to suppress

the items found in defendant's car when it was stopped, as the search and seizure thereof was incident to the lawful arrest of defendant.

"[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." New York v. Belton, —— U. S. —— (2) (101 SC 2860, 69 LE2d 768, 775) (1981).

3. The remaining enumerations are mooted by the foregoing findings.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED MARCH 5, 1982.

*George C. Rosenzweig,* for appellant.

*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.