66445. HOLLOWAY v. THE STATE.
66446. WILLIAMS v. THE STATE.

POPE, Judge.

These appeals arise from the joint trials and convictions of appellants Holloway and Williams for the offense of robbery by intimidation. A third defendant, Cason, entered a guilty plea prior to trial.

1. Raising the general grounds, both appellants enumerate as error the trial court's denial of their motions for new trial. The state produced evidence, primarily from Cason's testimony, to show that

on January 25, 1982 a convenience store in Vidalia, Georgia was robbed of $645 in a robbery planned by Holloway who waited outside the store while Williams and Cason entered and demanded that the store clerk turn over the money in the cash register. During the robbery, Williams concealed a liquor bottle under his clothing to make it appear to be a gun. After obtaining the money from the clerk, Williams and Cason left the store and then met Holloway who had departed the premises prior to the pair's exit from the store. The proceeds of the robbery were then divided among the three.

Considering the evidence in a light most favorable to the prosecution, any rational trier of fact could have found guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Stinson v. State,* 244 Ga. 219 (4) (259 SE2d 471) (1979).

2. Appellant Williams challenges the admission of his written statement given to law enforcement authorities while in their custody. Williams bases this claim of error upon his assertion that the statement was not given freely and voluntarily. We, however, find no error by the trial court in this regard. "At the Jackson-Denno hearing, the trial court determined that the defendant's confession had been voluntarily made. Where the evidence presented by the state and the defendant is conflicting, the factual determinations of the trial court must be accepted by the appellate court unless the findings are shown to be clearly erroneous. *Ramey v. State,* 145 Ga. App. 812 (245 SE2d 45) [(1978)]. Appellant has made no such showing." *Carter v. State,* 160 Ga. App. 299 (1) (287 SE2d 313) (1981). The decision of the trial court to admit Williams' signed statement is supported by a preponderance of the evidence. See Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972); *Pulliam v. State,* 236 Ga. 460, 463-4 (224 SE2d 8) (1976).

3. Appellant Williams next enumerates as error the trial court's failure to instruct the jury to disregard certain testimony offered by him on cross-examination. First, we find no objection to either the testimony itself or to follow-up questions by the state. We further find no request for such instruction and no exception to the charge as given, even after the trial court's invitation for it. There was, in fact, nothing on this point raised at the trial level, and, thus, nothing for this court to review on appeal. See *Pressley v. State,* 158 Ga. App. 638 (2) (281 SE2d 364) (1981). Although Williams urges that instruction should have been given sua sponte, we disagree. A review of the pertinent part of the transcript reveals that the testimony complained of on appeal was not only unresponsive to the state's questions on cross-examination, the remarks were also injected to bolster the contention upon which his defense was based — that his

statement was not given freely and voluntarily. We note additionally that the charge to the jury fully covered the credibility and weight to be accorded the statement.

4. Appellant Holloway contends that the trial court erred in denying his motion to sever. In support of this contention, he asserts a violation of the rule advanced in Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), claiming that he was prejudiced by the admission of his co-defendant Williams' statement. We disagree. The Bruton rule prohibits the admission of evidence in a joint trial of a co-defendant's confession implicating his fellow defendant where the co-defendant does not testify so as to be available for cross-examination. *Hall v. State,* 161 Ga. App. 521 (1) (289 SE2d 313) (1982). Although the state failed to strictly adhere to the previously ordered excision of Holloway's name from the reading of Williams' confession and questions relating to it, no Bruton violation occurred. Williams testified and was, therefore, subject to cross-examination by counsel for Holloway. We find no error in the denial of the motion to sever and no merit in this enumeration of error. See *Harper v. State,* 166 Ga. App. 797 (1) (305 SE2d 488) (1983).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 4, 1983.

*Michael J. Moses,* for appellant (case no. 66445).
*Kenneth D. Kondritzer,* for appellant (case no. 66446).
*Richard A. Malone, District Attorney, William H. McClain, Assistant District Attorney,* for appellee.