## 69888. LUNZ v. THE STATE.
## 69889. McCURRY v. THE STATE.
(332 SE2d 37)

POPE, Judge.

Appellants Lunz and McCurry were indicted, along with Ricky Pollard, for the offenses of armed robbery and aggravated assault. Prior to trial, Pollard entered a plea of guilty. Lunz and McCurry were jointly tried before a jury and each was convicted of the offenses charged. Although each filed a separate appeal, a common trial transcript was filed and like errors enumerated. The cases have, thus,

been consolidated for review.

1. Appellants assign error to the trial court's denial of the motions for directed verdicts of acquittal made on behalf of each at the close of the State's evidence. The State presented evidence to show that by sometime before midnight on May 5, 1984, Dean Bell was the sole attendant at the "Starvin' Marvin" convenience store on Highway 29 in Coweta County. Around 1:00 or 2:00 a.m. on May 6, 1984, Pollard, Lunz, and McCurry entered the store together. One bought cigarettes and they all stood around talking for five or ten minutes. Bell recognized all three as regular customers. He testified that he thought the three came in and left again an hour or so later. Then around 5:00 a.m., all three returned and all stood at the counter where one asked Bell how much money was in the cash register. Pollard was standing in the middle with McCurry on his left and Lunz on his right. Bell replied that there was "not that much" money. Bell testified that, although he could not remember which, one stated, "We're going to hold you up," to which he responded that it would not be worth it because he could push the alarm button to summon the police. Pollard tried to jump over the counter, apparently to see the alarm button. He then told Bell that they were going to hold him up. When Bell again responded that it was not worth it, Pollard replied, "We think it is." Then he shot Bell in the face with a .25 calibre handgun supplied to him earlier that day by McCurry. Lunz and McCurry ran out of and behind the store. Pollard took the cash register containing approximately $157.

A. J. Beckom testified that shortly before 5:00 a.m. on May 6, he entered the store and noticed all three looking highly nervous. He warned Bell that they were acting suspiciously and were up to something. They followed him down the aisle of the store and stood at the counter while he paid for his purchases, then closely followed him out the door. When Beckom stopped outside the door to let them pass, they walked to the driver's side of Beckom's truck. Pollard began to speak to Beckom and appellants walked away to the side and stood there. Beckom brought out his own pistol and Pollard asked him where he was going and if he was going to Quail Hollow Trailer Court (the area where Pollard, Lunz and McCurry resided). Beckom replied negatively and drove across to a nearby phone booth. While there, Beckom heard a shot and turned to see Lunz and McCurry run out of and behind the store. He saw Pollard still in the store struggling with the cash register. Beckom then left to summon help.

Each appellant's statement places all three at the "Starvin' Marvin" store when the armed robbery occurred and when Bell was shot. Each appellant's statement also admits being joined by Pollard a short way from the store and disposing of the gun used by Pollard by throwing it into a nearby pond. The gun was later retrieved by police.

McCurry then went to his home. Lunz and Pollard went to their shared residence. Appellants were arrested on May 8, 1984, advised of their *Miranda* and other constitutional rights, and provided statements to police the same day. After a *Jackson-Denno* hearing, the trial court determined the statements to have been made freely and voluntarily.

Appellants assert that the State proved only their presence which is insufficient to convict them as parties to these crimes. OCGA § 16-2-20 provides in pertinent part: "(a) Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. (b) A person is concerned in the commission of a crime only if he: . . . (3) Intentionally aids or abets in the commission of the crime; or (4) Intentionally advises, encourages, hires, counsels, or procures another to commit the crime." Both appellants admit they were with Pollard during the commission of the crimes, but claim to have had no prior knowledge that Pollard planned to rob the store. In McCurry's statement he admits that on the night of the offenses he heard Pollard talk about holding up the "Starvin' Marvin," but he thought Pollard was joking. Lunz' statement does not refer to any advance knowledge,[1] asserting instead that when Pollard began to talk with Bell about the hold-up, Lunz urged Pollard to leave with him. Bell, however, testified that when he was shot all three were standing together and he heard no one tell Pollard not to do it or protest that "it wasn't right."

"Mere presence at the scene of a crime is insufficient to convict one of being a party to the crime, but presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Citations and punctuation omitted.) *Parham v. State*, 166 Ga. App. 855, 856 (305 SE2d 599) (1983). Criminal intent may be found by the jury "upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. We find that the State presented evidence sufficient for a rational trier of fact to find Lunz and McCurry guilty as parties to each offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Parham v. State*, supra at (1). The trial court properly denied each appellant's motion for directed verdict of acquittal. See *Jones v.*

---

[1] During Lunz' testimony presented after the denial of his motion for directed verdict of acquittal, he testified that on that night and prior to the robbery, he heard Pollard mention that he had had a dispute with an old man who worked in the "Starvin' Marvin" store and that he would like someone to knock him out and rob him. Bell, the victim, was a young man. Lunz claimed that he did not believe him, stating, "He made mention several times. Crazy things."

*State*, 242 Ga. 893 (1) (252 SE2d 394) (1979); *Kimbro v. State*, 152 Ga. App. 893 (264 SE2d 327) (1980). See also *Jackson v. State*, 163 Ga. App. 526 (1) (295 SE2d 206) (1982).

2. Appellants' remaining enumerations of error challenge the denial of their respective motions to sever their trials. "In *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) [(1975)] the Supreme Court adopted the standards of the American Bar Association for granting a severance, e.g., whenever it appears necessary to achieve a fair determination of the guilt or innocence of [those accused of criminal activity]. To obtain a severance, [appellants had] the burden of showing more than the possibility that a separate trial would give [them] a better chance of acquittal. [They] must make a clear showing of prejudice and a consequent denial of due process. There was no showing of prejudice. Their defenses were not antagonistic. [Both] claimed innocence by non-participation." (Citations and punctuation omitted.) *Chance v. State*, 172 Ga. App. 299, 302 (322 SE2d 741) (1984). See also *Waters v. State*, 169 Ga. App. 290 (5) (312 SE2d 812) (1983). "Since the grant or denial of a motion to sever is left to the discretion of the trial court its decision in that respect will be overturned only for an abuse of discretion. [Cit.] In the instant case, not only did both [appellants] testify, but their statements made prior to trial were to a substantial degree interlocking. Each [appellant] testified to facts that were covered in the statements." *Jones v. State*, 245 Ga. 592, 598 (266 SE2d 201) (1980). Thus, we find no violation of the rule advanced in *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968) (see *Holloway v. State*, 168 Ga. App. 294 (4) (308 SE2d 641) (1983)), and no abuse of discretion in denying the motions to sever. See *Todd v. State*, 143 Ga. App. 619 (2) (239 SE2d 188) (1977).

*Judgments affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MAY 30, 1985.

*Ike A. Hudson*, for appellant (case no. 69888).
*Asa Mitchell Powell, Jr.*, for appellant (case no. 69889).
*Arthur E. Mallory III, District Attorney, Amy Flick, Assistant District Attorney*, for appellee.