### 73366. McLENDON v. THE STATE.
(354 SE2d 193)

BEASLEY, Judge.

McLendon, charged with the armed robbery of a florist shop (OCGA § 16-8-41 (a)), appeals on the sole basis that the trial court erred in denying his motion for mistrial.

The prosecutor asked the investigating officer if he had occasion to show the victim any photographs. The response was, "Yes, . . . I keep a record of offenders in my area that I have arrested or been involved in. . . ." Defendant moved for a mistrial on the ground that his character had been placed in issue, and the defense counsel stated: "If the court is not inclined to grant a mistrial, . . . we'd ask for curative instructions to the jury to disregard that testimony."

Although defense counsel later expressed doubt that the jury could be cured of this by instruction, the motion for mistrial was not renewed after the court directed the jury to disregard and not consider the answer given. Taking exception to the denial of the mistrial, before the curative instruction was given, did not serve the purpose. When the motion was renewed after the state rested, it was too late.

In *Jackson v. State*, 248 Ga. 480, 483 (2) (284 SE2d 267) (1981), a somewhat similar situation, the Supreme Court held that the failure

to renew the motion for mistrial after the curative instructions waives the denial of the motion as an error on appeal. Accord *Green v. State*, 178 Ga. App. 203, 204 (3) (342 SE2d 386) (1986); *Brown v. State*, 175 Ga. App. 246, 247 (2) (333 SE2d 124) (1985).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 23, 1987.

*Viveca R. Burns, Sheila R. Tyler*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys*, for appellee.