A89A1688. MITCHELL v. THE STATE.
A89A1689. ANDERSON v. THE STATE.
(393 SE2d 274)

McMURRAY, Presiding Judge.

Defendants Mitchell and Anderson were jointly indicted for trafficking in cocaine. The evidence adduced at a joint jury trial revealed the following:

Shortly before noon on August 15, 1988, Agent Davis of the Georgia Bureau of Investigation ("GBI") received information from "a confidential, reliable informant" that "three black males and a black female were in a Chevrolet Beretta . . ." automobile at a local motel; that "a large amount of cocaine was observed in the car with these [people] and that one of the black males went to a motel room . . . with a portion of the cocaine. . . ." The informant identified the suspect vehicle's Florida "tag number" and Agent Davis responded to the tip.

When Agent Davis arrived at the motel, he observed "a red Beretta vehicle with [the] same tag number that was described [by the confidential informant] parked in front of the registration desk at the office." Defendant Anderson was in the suspect vehicle and another unidentified black male "was inside the registration office talking to the clerk." Agent Davis discovered that the Beretta was a Florida rental car and he later summoned Detective Williams of the Statesboro Police Department for assistance. By the time Detective Williams arrived at the motel, the two suspects had left in the rented vehicle. A lookout for the Beretta was placed with officers of the Statesboro Police Department and, shortly thereafter, the vehicle was spotted and stopped. Agent Davis was summoned to the stop and, after arriving at the scene, he noticed that only defendant Anderson was at the car. Defendant Anderson's driver's license identified him as a resident of "Haynes City, Florida" and defendant Anderson in-

formed the officers that "he was in that particular neighborhood looking for his uncle . . . Spencer." Agent Davis was apprehensive that "Spencer" was the unidentified black male who had earlier accompanied defendant Anderson at the motel and Agent Davis was concerned that "Spencer" would alert the other suspects who had been observed by the confidential informant at the motel. Consequently, Agent Davis went back to the motel while other officers took defendant Anderson to the police station for questioning.

Agent Davis learned that the other two suspects had checked into a room at the motel and that the room was "registered to Vonnie McBride. . . ." Agent Davis and Detective Williams went to the motel room and defendant Mitchell answered the officers' knocks. Ms. McBride was then summoned to the door and the officers informed the suspects of their "suspicions that there was cocaine in that room." Ms. McBride was advised of her *Miranda* warnings (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)) and she admitted "there [was] some crack cocaine in the room [and that she] and [defendant Mitchell were] in there smoking some crack." The officers searched the suspects and found $664.88 in cash in defendant Mitchell's back pocket. The officers also searched the motel room and found 10.2 grams of "crack" cocaine, "smoking devices" which are used to consume "crack" cocaine and paraphernalia which is used to separate or "cut" powdered cocaine.

Meanwhile, officers of the Statesboro Police Department discovered hidden in defendant Anderson's underwear 97.2 grams of a substance which was 95 percent pure cocaine (92 grams of pure cocaine). After receiving his *Miranda* warnings, when questioned about the substance, defendant Anderson made the following statement:

" 'This past Saturday me and Spencer were together in Haynes City, Florida. I saw blank. He was driving the red Beretta. He told me his girlfriend or mother had rented it for him, I don't remember which he said. He asked me if I had a driver's license. He said he would pay me two hundred dollars to drive him to Georgia and come right back. We left that night. Spencer came along for the ride. We got to Statesboro this morning. Blank saw a girl and told me to stop the car. We went to her house. Blank handed me the package of cocaine and told me to hold it for him. I said no, I didn't want to. He kept asking me to hold the package because he was fixing to get a motel with her and he didn't want her to run off with the coc[aine]. I took it from him and laid it on the console. Spencer said to move it and give it back to blank, but I kept it because Blank said he wouldn't be long. Blank and the girl was walking down the road and then I took them to the motel. Blank and the girl got out of the car and walked around the building. Spencer walked around there too, so he would know where to come back to. Me and Spencer left. I was

going to see my cousin Robert Procter in Sardis, Georgia. Spencer didn't want to go so I dropped him off a couple of blocks from the motel. I put the cocaine in my clothes after Spencer told me to move it. I was riding around looking for a bar when the patrolman pulled me over.[']"

Later, defendant Mitchell, after receiving his *Miranda* warnings, was questioned, and he made the following statement: " 'We left Florida Friday night, my mama rented the car for me. I don't have a license. I picked up [defendant Anderson] and Spencer. [Defendant Anderson] did the driving. We spent a couple of nights at some of Spencer's people's house in Byron, Georgia. We came to Statesboro this morning. We were just riding. I saw a girl on the street, I didn't know her. I got her, I got out of the car and started talking to her. We ended up at the motel, then the police came. I don't know anything about the cocaine.' "

A search of the red Beretta revealed 1.3 grams of marijuana, clothing which belonged to defendants Anderson and Mitchell and clothing which belonged to Ms. McBride. Defendants were found guilty of trafficking in cocaine. Defendant Mitchell now appeals in Case No. A89A1688 and defendant Anderson appeals in Case No. A89A1689.[1] *Held*:

### Case No. A89A1688

1. Defendant Mitchell first asserts the general grounds, arguing that the State failed to link him to possession of cocaine.

"Any person who knowingly . . . brings into this state or who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . . commits the felony offense of trafficking in cocaine. . . ." OCGA § 16-13-31 (a) (1). In the case sub judice, defendant Mitchell admitted that he had been traveling with defendant Anderson shortly before his arrest. There was also evidence that defendants Anderson and Mitchell were driving through Statesboro looking for areas where cocaine was available and where illegal drug use was prevalent. Further, defendant Anderson had over 97 grams of 95 percent pure powdered cocaine in the

---

[1] The sequence of arguments in defendants' briefs does not follow the order of the enumerations of error. In fact, defendants' arguments do not flow or follow any logical pattern. Although such practice makes review extremely difficult and is a violation of Rule 15 (c) (1) of the Rules of the Court of Appeals of the State of Georgia, we shall address the contentions of error, avoiding the unnecessary task of redundancy where possible, as issues appear seriatim in the parties' briefs. With regard to those enumerations of error which do not appear to be supported by citation of authority or argument, they are deemed abandoned pursuant to Rule 15 (c) (2) of the Rules of the Court of Appeals of the State of Georgia. See *Weeks v. State*, 190 Ga. App. 373, 375 (2) (378 SE2d 895).

vehicle which defendant Mitchell's mother had rented and defendant Mitchell was found with drug paraphernalia which is commonly used to separate or "cut" powdered cocaine. Defendant Mitchell was seen distributing "crack" cocaine on the day of his arrest and a quantity of cash was found in his pocket at the time of his arrest. Finally, defendant Mitchell was arrested after being found in a motel room with over 10 grams of "crack" cocaine. The evidence adduced at trial was sufficient to authorize a finding, beyond a reasonable doubt, that defendant Mitchell was an active participant in the possession of over 28 grams of cocaine so as to be a party to the crime of trafficking in cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See *Riley v. State*, 191 Ga. App. 781 (1) (383 SE2d 172).

2. Next, defendant Mitchell contends the trial court erred in denying his motion to sever.

"The denial of severance is within the discretion of the trial court and will not be reversed unless it can be shown the joint trial constituted a denial of due process. *Carroll v. State*, 147 Ga. App. 332 (248 SE2d 702) (1978). In determining the severance issue, the trial court must consider the following: (1) Whether the joint trial will create confusion of the evidence and law applicable to each individual defendant; (2) Whether there is danger that evidence admitted against one defendant will be considered against another despite cautionary instructions by the court; (3) Whether the co-defendants will claim antagonistic defenses. *Jones v. State*, 243 Ga. 584, 586 (255 SE2d 702) (1979). See also *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975)." *Martin v. State*, 189 Ga. App. 483, 487 (3) (376 SE2d 888).

Defendant Mitchell first argues that the volume of evidence against defendant Anderson prejudiced his case and that defendant Anderson's defense was antagonistic to his own. Defendant Mitchell does not specify how defendant Anderson's defense was antagonistic, nor does he cite specific evidence admitted against defendant Anderson which prejudiced his case. Instead, he makes general reference of how actual possession of cocaine is necessary for a conviction under OCGA § 16-13-31 (a) (1) (A). In the context of this enumeration, we take this argument to mean that defendant Anderson's physical possession of more than 28 grams of cocaine adversely affected defendant Mitchell's defense, i.e., that he did not "know anything about the cocaine."

"The burden is on the defendant requesting the severance to make a clear showing of prejudice. He must show more than a 'possibility that a separate trial would give him a better chance of acquittal. . . .' [Citations omitted.]" William W. Daniel's Ga. Criminal Trial Practice, (1989 ed.) § 14-46, p. 416. In the case sub judice, defendant Mitchell has failed to demonstrate that evidence of defendant Anderson's possession of cocaine would have been excluded at a

separate trial. In fact, it is unlikely that such evidence would have been excluded. The defendants' apprehensions and arrests were inseparably joined. The investigation which linked the defendants was initiated by information showing that defendants were in joint possession of cocaine. Further, other evidence indicated that defendants were involved in a common scheme to distribute the cocaine in the Statesboro area. Consequently, defendant Mitchell was not denied a fair trial based on evidence of defendant Anderson's physical possession of cocaine. The trial court did not err in denying defendant Mitchell's motion for severance on this ground.

Next, defendant Mitchell cites *Bruton v. United States*, 391 U. S. 123 (89 SC 1620, 20 LE2d 476), claiming that he was prejudiced by the admission of defendant Anderson's statement. We disagree. "The *Bruton* rule prohibits the admission of evidence in a joint trial of a co-defendant's confession implicating his fellow defendant where the co-defendant does not testify so as to be available for cross-examination. *Hall v. State*, 161 Ga. App. 521 (1) (289 SE2d 313) (1982)." *Holloway v. State*, 168 Ga. App. 294, 296 (4) (308 SE2d 641). There was no *Bruton* violation in the case sub judice. See *Lunz v. State*, 174 Ga. App. 893, 896 (2) (332 SE2d 37). Defendant Anderson testified at trial and was available for cross-examination.

Finally, defendant Mitchell contends that "the unprecedented reference to a separate indictment . . . against [defendant] Anderson without statutory notice of 'similar crimes' during trial with [him] made the return of an impartial and fair verdict impossible." We have examined that portion of the trial transcript which defendant Mitchell cites in support of this argument and we find nothing to support the assertion that "a separate indictment . . . against [defendant] Anderson" was admitted into evidence at trial. Further, there is no argument or citation of authority to support this contention. Consequently, there remains nothing for review. We find no abuse of discretion in the denial of defendant Mitchell's motion for severance.

3. Relying on *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69), defendant Mitchell moved for disqualification of the jury based upon the prosecuting attorney's use of peremptory challenges against black prospective jurors. He now enumerates as error the denial of this motion.

Defendant has failed to make out a prima facie case of discrimination by showing the difference between the percentage of blacks on the panel and the twelve jurors that tried his case. See *Stewart v. State*, 190 Ga. App. 162 (1) (378 SE2d 387). However, even assuming defendant Mitchell did meet his initial burden, the record indicates that the prosecuting attorney's use of peremptory strikes was sufficiently racially neutral. *Stewart v. State*, 190 Ga. App. 162 (1), supra. This enumeration is without merit.

4. Next, defendant Mitchell contends the trial court "erred in failing to adequately and properly instruct the jury on the material issue of actual possession as an essential element of the offense for which [he] was tried." Defendant Mitchell further contends the trial court should have given his requested instruction "applicable to the issue of actual possession. . . ." These contentions are without merit.

The record shows that the trial court properly and fully charged the jury on the essential elements of the crime charged. Further, actual possession of cocaine was neither charged in the indictment nor is it an essential element of the crime, trafficking in cocaine. Effective March 28, 1988, the General Assembly of the State of Georgia removed actual possession as an essential element of the crime. See Ga. L. 1988, p. 420, § 2.

5. Next, defendant Mitchell attacks the indictment.

The indictment charged both defendants Mitchell and Anderson with trafficking in cocaine on August 15, 1988, in that they "did knowingly bring into this state and be in control possession of 28 grams or more, but less than 200 grams, of cocaine and a mixture with purity of 10 percent or more of cocaine, as described in *Schedule VI of the Georgia Controlled Substances Act.* . . ."

First, defendant Mitchell complains that the State failed to present evidence "to support the allegation of the indictment regarding commission of the offense by transporting cocaine into this State." This argument is without merit.

"In *Henry v. State*, 154 Ga. App. 120 (1) (267 SE2d 653), this court held that when an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence." *Chapman v. State*, 173 Ga. App. 824 (2) (328 SE2d 425). In the case sub judice, inasmuch as the evidence showed that defendant Mitchell was guilty of trafficking in cocaine in one of the ways alleged in the indictment, i.e., defendant Mitchell was a party to the crime of possession of more than 28 grams of a cocaine mixture with a purity of 10 percent or more, there was no variance between the allegata and probata.

Next, defendant Mitchell argues that there was no proof of "actual 'possession control' of any cocaine as alleged in the alternative under the language of the indictment." This argument is without merit. The indictment did not allege that defendant Mitchell had "actual" physical " 'possession control' " of cocaine; it charged that defendants Anderson and Mitchell committed the offense of trafficking in cocaine by "control possession" of the requisite amount of cocaine as provided in OCGA § 16-13-31 (a) (1). There was more than ample evidence to support the allegations of this indictment. See Division 1 of this opinion.

Finally, defendant Mitchell contends that the trial court erred in denying his motion in arrest of judgment because descriptive language of the indictment is inaccurate. More specifically, defendant Mitchell contends that "there exists no '*Schedule VI of the Georgia Controlled Substances Act.*'"

It is true that no "*Schedule VI*" exists as part of Georgia's Controlled Substances Act. However, no fatal error was generated by this flaw. At best, the mistake was surplusage which did not take away from the specific allegation that defendants were trafficking in cocaine in that they did unlawfully possess the requisite amount of the controlled substance. See *Myers v. State*, 143 Ga. App. 195 (2) (237 SE2d 662).

6. Defendant Mitchell contends the trial court erred in denying his motion for a mistrial after defendant Anderson impermissibly placed his character in issue.

Upon defendant Mitchell's counsel's cross-examination of defendant Anderson, the following transpired: "[Defendant Mitchell's attorney] Q. Ever taken any drugs over there and delivered them to Alabama? [Defendant Anderson] A. No, sir. Has [defendant] Mitchell ever been caught in Florida with drugs before? Yes, sir. THE COURT: You can't ask any questions, just respond to the questions. [Defendant Anderson] A. I'm sorry, I'm sorry. [Defendant Mitchell's attorney]: Q. Based on the volunteered and totally unresponsive remark of this Defendant we now move for a mistrial. THE COURT. I will overrule your motion. Ladies and gentlemen, please do not pay any attention to that last statement that, unresponsive statement made by [defendant] Anderson."

"[T]he complained of answer was elicited by defense counsel's questions to the witness. Following the answer, curative instructions were given by the court. Trial counsel may not take chances in propounding questions which may elicit damaging answers and then demand a mistrial on the basis of the answer. *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984). Furthermore, the decision of whether to grant a mistrial is within the sound discretion of the trial court and his ruling will not be disturbed absent an abuse of discretion. *Ladson v. State*, 248 Ga. 470 (285 SE2d 508) (1981)." *Buxton v. State*, 253 Ga. 137, 139 (3) (317 SE2d 538). Under the circumstances of the case sub judice, we find no abuse of discretion. The trial court did not err in denying defendant Mitchell's motion for a mistrial.

*Case No. A89A1689*

7. First, defendant Anderson asserts the general grounds, arguing that the evidence was insufficient to support the verdict. We do not agree. Evidence showing that defendant Anderson had more than 28

grams of a powder which was more than 95% pure cocaine hidden in his underclothing was sufficient to authorize the jury's finding that defendant Anderson was guilty of trafficking in cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, supra.

8. Defendant Anderson's remaining contentions are virtually identical to the assertions of error raised by defendant Mitchell and addressed in Divisions 2 through 5 of this opinion. For the same reasons stated above, we find defendant Anderson's remaining contentions of error to be without merit.

*Judgments affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED MARCH 13, 1990 —
REHEARING DENIED MARCH 30, 1990 —

*Robert S. Lanier, Jr.*, for appellant (case no. A89A1688).
*Francis W. Allen*, for appellant (case no. A89A1689).
*J. Lane Johnston, District Attorney*, for appellee.