A91A0836. ARNOLD v. THE STATE.
(408 SE2d 447)

BANKE, Presiding Judge.

The appellant was convicted of two counts of theft by receiving stolen property based on evidence that he and a co-defendant, Gresham, had been found in possession of a stolen automobile bearing a license tag which had itself been stolen from another vehicle. The case is before us on appeal from the denial of the appellant's motion for new trial. *Held*:

1. The arresting officer testified that he confronted the appellant and Gresham as they were seated in the vehicle in question and ordered them to get out. He stated that the appellant fled on foot upon exiting the vehicle but that Gresham remained at the scene and "identified him [the appellant] as being the suspect in the car." The appellant moved for a mistrial at this time on the ground that the latter portion of the officer's testimony violated an earlier ruling by

the trial court granting his (the appellant's) motion in limine seeking to exclude evidence of such out-of-court statements by Gresham on the ground that they would be violative of his Sixth Amendment right of confrontation under *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), "if Mr. Gresham is not available for cross-examination." Although the appellant contends on appeal that the denial of this motion for mistrial constituted reversible error, it does not appear that the motion was in fact denied. Instead, the court reserved its ruling on the motion, and no ruling was thereafter elicited by the appellant. See generally *Dover v. State*, 250 Ga. 209, 212 (4) (296 SE2d 710) (1982). In any event, Gresham later took the stand and testified, thereby making himself available for cross-examination and eliminating the basis for the *Bruton* objection. See *Holloway v. State*, 168 Ga. App. 294, 296 (4) (308 SE2d 641) (1983); *Mitchell v. State*, 195 Ga. App. 255 (2), 259 (393 SE2d 274) (1990).

2. The appellant again moved for a mistrial when asked by Gresham's counsel on cross-examination whether he had been in possession of a stolen car when he was arrested the day following Gresham's arrest. However, the appellant specified at trial that this motion was conditional upon his being convicted by the jury. Obviously, he could not have it both ways — i.e., he could not seek simultaneously both to proceed to a jury verdict and to terminate the trial on the ground that the jurors had been prejudiced by an improper question. In any event, after denying the motion, the trial court instructed the jury to disregard the question. Although the appellant later renewed the motion, by the time he did so, the evidence had closed and the jury had been charged. It is highly doubtful under these circumstances that the appellant's attempt to renew his motion for mistrial would have been effective, even had his original motion been valid. See *McLendon v. State*, 181 Ga. App. 851 (354 SE2d 193) (1987). See generally *Powell v. State*, 185 Ga. App. 464, 465 (2) (364 SE2d 599) (1988). However, pretermitting these issues, we hold that the curative instructions given by the trial court were amply sufficient under the circumstances to eliminate any improper prejudice which might have resulted from the question. See generally *Cox v. State*, 109 Ga. App. 797 (1) (137 SE2d 516) (1964).

3. The evidence, construed in the light most favorable to the verdict, was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the two offenses of which he was convicted. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED JUNE 24, 1991 —
RECONSIDERATION DENIED JULY 15, 1991 —

*Charles J. Durrance*, for appellant.
*Thomas J. Charron, District Attorney, Frank R. Cox, Debra H. Bernes, Assistant District Attorneys*, for appellee.