## A96A2102. WATERS v. THE STATE.
### (475 SE2d 696)

ELDRIDGE, Judge.

Appellant was tried before a Gordon County jury on a four count indictment for the offenses of aggravated assault, first degree criminal damage to property, and two counts of DUI. The jury found appellant guilty of the lesser included offense of simple assault; appellant was found guilty as charged under the remaining counts. The evidence revealed that appellant and the victim were legally separated and in the process of obtaining a divorce. On the evening in question, appellant, who has an alcohol problem, drank 12 beers between 5:00 p.m. and 11:00 p.m.; he then decided to drive his 1952 Ford flatbed pickup truck to the victim's residence at the Spring Valley apartment complex. Once there, appellant saw the victim and a male friend standing outside the apartment door. Enraged, appellant pulled his truck around to face the victim; with the vehicle aimed at her, appellant accelerated and drove his truck at the victim. The truck missed the victim and plowed into the front windows of the victim's apartment, embedding itself in the wall and causing extensive damage in the apartment. The victim's two young children were asleep in one of the upstairs' bedrooms of the apartment. The victim called the police.

Officer Terry Trammell arrived on the scene and arrested appel-

lant; Trammell testified that following his arrest, appellant "was wanting me to take him to Northwest Regional Hospital; that it wasn't going to do any good for me to take him to jail; that when he got out he was going back down there with his .12 gauge shotgun, and he was going to kill both of them and then kill hisself (sic)."

1. Appellant cites as reversible error the trial court's denial of appellant's motion for mistrial made when the victim referred to appellant as "a man who violates women." Following the appellant's motion for mistrial, the trial court gave the jury a curative instruction. Appellant failed to renew his motion for mistrial, and this enumeration of error has not been preserved for our review. *McLendon v. State*, 181 Ga. App. 851 (354 SE2d 193) (1987).

2. Next, appellant contends that he received ineffective assistance of counsel because his trial attorney introduced appellant's character into evidence, thereby permitting the State to introduce damaging evidence that had previously been held to be inadmissible. We disagree.

"[T]he burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. [Cit.]" (Punctuation and emphasis omitted.) *Williams v. State*, 258 Ga. 281, 286 (368 SE2d 742) (1988); *Hudson v. State*, 218 Ga. App. 671 (462 SE2d 775) (1995).

The record demonstrates that during direct examination, the appellant was asked a series of questions by his defense counsel which were designed to contradict the testimony of Officer Trammell concerning appellant's post-arrest statement: "[DEFENSE COUNSEL]: Had you made any — From the time that you drove that night, did you ever make any threats to your wife at that time? [APPELLANT]: No, sir. [DEFENSE COUNSEL]: Officer Trammell said that you threatened to kill her and don't take me to Northwest Georgia Hospital. Did you make those statements? [APPELLANT]: No, sir. I stated to him that I had been to Northwest Georgia Hospital; that I had threatened her previously to that night."

Thereafter, the trial court held that appellant had opened the door to cross-examination on appellant's prior threats to his wife. During cross-examination, appellant testified that he "could not recall" if he had left a message on the victim's answering machine threatening to kill her. Although prior to trial the answering machine tape had been held to be inadmissible, the State was subsequently permitted to play the appellant's taped threats to the victim in rebuttal to appellant's testimony.

Based on an examination of the record, this Court is convinced

that if the door to appellant's conduct regarding prior threats to his wife was opened at all, it was opened by appellant; his attorney's question called for a specific affirmation or denial of Officer Trammell's testimony that appellant had made an express statement, *that night*, threatening to kill the victim. The additional elaboration regarding past threats made to the victim was clearly the appellant's notion and, based on the attorney's speedy change of subject and strenuous objections to cross-examination thereon, was completely unforeseen by trial counsel. The result, including the introduction of previously inadmissible evidence, cannot be laid at the feet of defense counsel. Thus, "we cannot conclude that his trial counsel's performance was deficient in this instance." *Creson v. State*, 218 Ga. App. 184, 186 (460 SE2d 83) (1995); see *Baker v. State*, 250 Ga. 671 (300 SE2d 511) (1983).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 5, 1996.

*Lorie A. Moss*, for appellant.

*T. Joseph Campbell, District Attorney, Rebecca B. Tierce, Assistant District Attorney*, for appellee.