## A94A1414. KEY v. THE STATE.

(445 SE2d 349)

BLACKBURN, Judge.

The appellant, Edward Daniel Key, and a co-defendant, Jerry Keene, were both indicted for criminal damage to property in the second degree and interference with government property, both charges involving a radio broadcast tower. Prior to trial, the court granted the State's motion to compel Keene to testify against Key at trial, and Keene was granted immunity from prosecution. Key was convicted of both offenses. His motion for new trial was subsequently denied by the trial court, and this appeal followed. In his sole enumeration of error, Key contends that the trial court erred in denying his motion for directed verdict because the circumstantial evidence produced at trial did not exclude every reasonable hypothesis except that of guilt.

At trial, Officer Wayne Hooks of the Treutlen County Sheriff's Department testified that on the afternoon of January 2, 1992, he began experiencing difficulty in the transmission of radio communications and asked an employee to investigate the problem. The employee later notified him that he needed to come to the broadcast tower where the department's radio transmitters were located. Upon arrival, the officer noticed that the tower was on the ground and the guy wires of the tower had been disconnected. Scratch marks were located on turnbuckles which secured the wires. The officer was subsequently informed by a teenager who lived in the vicinity of the tower that two men in an older model green Maverick automobile left the tower earlier at a high rate of speed. Officer Hooks knew Keene and was familiar with Keene's automobile which fit this description.

Officer Hooks and Officer Jim Fullington located Keene at his ex-wife's residence. Keene was intoxicated and initially denied being at the tower. He later admitted that both he and Key went to the tower to use the bathroom after the men had been looking for bottles around town. Key was found in a bedroom of the home and was also intoxicated. Red clay mud similar to the mud at the tower was on Key's shoes and clothing. A search of Key's person for weapons re-

vealed a pair of vise grips and a metal file in his pocket. A twig similar to those surrounding the tower was also found with the vise grips. Both men were subsequently arrested. While in custody and during an additional discussion of the tower incident, Keene stated that he begged Key not to do it. He also stated that he was afraid of Key and that his fear of Key prevented him from informing the officers of the truth about the incident.

At trial, Keene admitted that he had been at the tower with Key. However, he stated that neither he nor Key loosened the guy wires of the tower and that he had been referring to Key's drinking when he told the officer that he begged Key not to do it. Key did not testify at trial and did not present any evidence in support of his defense.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; an appellate court determines evidence sufficiency and does not weigh the evidence or determine credibility. [Cit.] To support the verdict, circumstantial evidence must exclude only reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. [Cit.]" *Dworkin v. State*, 210 Ga. App. 461, 463 (436 SE2d 665) (1993). "[T]he determination of whether the circumstances are sufficient to exclude every reasonable hypothesis except that of defendant's guilt is usually made by the jury. . . ." (Citations omitted.) *Brooks v. State*, 206 Ga. App. 485, 486 (425 SE2d 911) (1992).

In the case sub judice, the State was able to show more than Key's mere presence at the scene of the crime. The factfinder could find from Key's possession of vise grips, a metal file, the twig found in the vise grips, in addition to the mud found on Key's clothing and shoes, that Key did more than drink alcohol and use the bathroom at the tower as testified to by Keene. Any rational trier of fact could have found that Key used the items found on his person as tools in disconnecting the wires, causing damage to property owned by the broadcasting company and the county, in violation of OCGA §§ 16-7-23 and 16-7-24. Moreover, viewing the evidence of this case in a light most favorable to the verdict, any rational trier of fact could have found no reasonable hypothesis except that of Key's guilt of the offenses charged. Accordingly, the trial court did not err in failing to direct a verdict of acquittal on either charge. *Watkins v. State*, 191 Ga. App. 325 (1) (382 SE2d 107) (1989).

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 15, 1994.

*Joe H. Thalgott,* for appellant.
*Ralph M. Walke, District Attorney, L. Craig Fraser, Assistant District Attorney,* for appellee.