A94A2468. OUZTS v. THE STATE.
(453 SE2d 801)

RUFFIN, Judge.

Brian Ouzts was convicted by a jury of sexual battery and aggravated sexual battery against his 14-year-old stepdaughter. He appeals from the judgment of conviction raising as his sole enumeration of error the sufficiency of the evidence.

The evidence adduced at trial when viewed in a light most favorable to the verdict shows that one evening, while the victim's mother was out of town, and the victim was sleeping on the living room couch, she was awakened when she felt someone touching her breast underneath her brassiere. The victim testified that although she recognized the person as Ouzts, she did nothing to let him know she was awake because she was afraid. Ouzts then opened the victim's

---

pants, rubbed her genital area and placed his finger in her vagina. After touching the victim's breasts about four times and putting his hands in her pants three times, Ouzts zipped her pants, pulled her shirt together and went back to his bedroom. Although Ouzts denied the allegations at trial, on appeal this court " 'does not weigh the evidence or determine credibility. (Cit.)' " *Key v. State*, 213 Ga. App. 556, 557 (445 SE2d 349) (1994).

"A person commits the offense of sexual battery when he intentionally makes physical contact with the [genital area and the breasts of a female] without the consent of that person." OCGA § 16-6-22.1 (a) and (b). "A person commits the offense of aggravated sexual battery when he intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person." OCGA § 16-6-22.2 (b). In this case the evidence was sufficient to enable a rational trier of fact to find defendant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 1, 1995.

*Ben Gratz, Jr.*, for appellant.
*C. Paul Bowden, District Attorney*, for appellee.

