A96A1356. LU v. THE STATE.
(477 SE2d 581)

RUFFIN, Judge.

A jury convicted Phu Quoc Lu of two counts of first degree criminal damage to property, three counts of aggravated assault upon a police officer, and two counts of aggravated assault. In this appeal, Lu challenges the sufficiency of the evidence. For reasons which follow, we affirm.

Viewed in a light most favorable to the jury's verdict, the evidence shows that at approximately 6:15 p.m. on the evening the offenses were committed, an older model, white, two-door Cadillac pulled directly in front of the K & T billiard hall located in DeKalb County. The car was parked with the passenger side facing the billiard hall. Inside the car were Lu, who was sitting behind the driver, and three co-defendants. Moments later, individuals in the Cadillac began firing gunshots through the front windows of the billiard hall, which was occupied by approximately 30 patrons. The gunshots shattered the front windows, damaged two pool tables, and left numerous bullet holes in the back wall. Shots were also fired into the front windows of an adjacent restaurant, which was also occupied at the time.

Doraville Marshal Jerry Gann was only a block away when he received a radio dispatch concerning the shooting. Marshal Gann testified that when he arrived at the scene, he pulled his unmarked patrol car approximately ten to twelve feet behind the Cadillac and observed four individuals in the car. Gann stated that while the

driver remained behind the steering wheel, the three passengers were pressed against the passenger side of the car and arms were sticking out of the passenger side windows. He further testified that although he could clearly see only two guns, he saw separate flashes from the firing of three guns. Approximately 30-40 shots were fired in total.

According to Marshal Gann, the Cadillac's occupants did not notice him until he exited his car with his gun drawn. At that point, Lu looked in Marshal Gann's direction, then turned away, said something to his fellow occupants, and the car then pulled away.

Marshal Gann pursued the Cadillac and was soon joined in the pursuit by Captain Edwards and Chief Davis in another unmarked Doraville police car. During the pursuit, Marshal Gann observed someone throw a black pistol from the Cadillac. Later in the pursuit, when the Doraville police car attempted to intercept the Cadillac, three to five gunshots were fired from the Cadillac. As the chase continued, Marshal Gann saw a silver pistol thrown from the Cadillac. Shortly thereafter, the Cadillac pulled into an apartment complex where a white sock and glove were thrown from the Cadillac. The Cadillac was driven to the back of the complex and into a parking space. Gann and the other officers removed the four occupants from the Cadillac. Although the defendants initially gave the officers different names and dates of birth, each was eventually identified.

All four occupants were arrested at the scene and none of them possessed a firearm. Although a search of the Cadillac did not reveal any firearms, several live and spent rounds of ammunition were found. The ammunition included one live and one spent .9mm round recovered from the Cadillac's right front floorboard, two spent .25 rounds and one live .380 round from the rear floorboard. In addition, with the exception of the silver pistol, all the items Marshal Gann saw thrown from the Cadillac were recovered. The black pistol was identified as a .380 FEG handgun. The retrieved glove contained seven .380 caliber rounds and the sock contained a magazine holding five .25 caliber rounds. Finally, three spent .9mm rounds were recovered from the parking lot in front of the billiard hall. A firearms examiner from the State crime laboratory testified that a total of four weapons were used to fire the projectiles.

Lu did not present any evidence at trial, and only one of his three co-defendants testified. The co-defendant testified that he did not see any weapons inside the Cadillac.

Lu contends on appeal that the evidence only showed he was present in the Cadillac and that because there was no direct evidence he fired any of the weapons, the evidence was insufficient to support his convictions. We disagree.

On appeal, a criminal appellant no longer enjoys a presumption

of innocence. *Key v. State*, 213 Ga. App. 556 (445 SE2d 349) (1994). In reviewing a criminal conviction, "we do not weigh the evidence, nor do we assess the quality of the evidence or the credibility of witnesses[,] we look only to determine whether the evidence is sufficient to sustain the verdict, construed in the light most favorable to the jury's verdict and giving that verdict every presumption and every inference towards upholding its validity." (Citations and punctuation omitted.) *Cantrell v. State*, 210 Ga. App. 218, 219 (1) (435 SE2d 737) (1993). Although Lu is correct that "mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Citations and punctuation omitted.) *Norris v. State*, 220 Ga. App. 87, 89 (2) (469 SE2d 214) (1996).

The evidence in this case showed more than Lu's mere presence in the Cadillac at the time of the shooting. The evidence showed that Lu was in the Cadillac before it traveled to the billiard hall. Furthermore, during the shooting, Lu was pressed against the passenger side of the Cadillac, where three to four handguns were shooting towards the billiard hall. The jury could also have found from the evidence that Lu informed his co-defendants of Marshal Gann's presence, after which they fled the scene in the Cadillac. Furthermore, Lu remained with his co-defendants during their flight and gave the officers a different name and date of birth after being apprehended. Under the circumstances, "[w]e hold that a rational trier of fact could have found [Lu] guilty of the crime[s] charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); [cit.]" *Grace v. State*, 210 Ga. App. 718, 719 (1) (437 SE2d 485) (1993).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 3, 1996 —
RECONSIDERATION DENIED OCTOBER 25, 1996.

*James D. Mitchell*, for appellant.
Phu Quoc Lu, *pro se*.
*J. Tom Morgan*, District Attorney, *Barbara B. Conroy, James M. McDaniel*, Assistant District Attorneys, for appellee.