## A99A0175. MINCEY v. THE STATE.
(515 SE2d 433)

BLACKBURN, Judge.

Roberto R. Mincey appeals his convictions for armed robbery, possession of a firearm during the commission of a crime, kidnapping, kidnapping with bodily harm, theft by receiving property stolen in another state, and possession of a firearm by a convicted felon. Mincey contends that: (1) in a number of instances, the jury's verdicts were mutually exclusive of each other; (2) the trial court erred by denying his motions for a directed verdict of acquittal with regard to the offenses of kidnapping with bodily injury and theft by receiv-

ing property stolen in another state; and (3) the evidence was insufficient to support the convictions. For the reasons set forth below, we affirm.

1.

> [I]n *Milam v. State,* [255 Ga. 560, 562 (2) (341 SE2d 216) (1986), the Supreme Court of Georgia] rejected the inconsistent verdict rule in criminal cases. *Milam* involved a criminal defendant charged with two murders committed at the same time. The jury returned a verdict of not guilty by reason of insanity as to one murder, and guilty but mentally ill as to the other murder. [The Supreme Court] affirmed, ruling that there was no error inherent in the inconsistency between the conviction and acquittal. The *Milam* ruling stands for the proposition that a defendant cannot attack as inconsistent a jury verdict of guilty on one count and not guilty on a different count. Likewise, virtually all other Georgia cases affirming Georgia's abolition of the inconsistent verdict rule involve jury verdicts of guilty and not guilty that are alleged to be inconsistent. These cases are in accordance with the principle that it is not generally within the trial court's power to make inquiries into the jury's deliberations, or to speculate about the reasons for any inconsistency between guilty and not guilty verdicts.

(Footnotes omitted.) *Dumas v. State,* 266 Ga. 797, 799 (2) (471 SE2d 508) (1996).

In three separate enumerations, Mincey argues that certain guilty verdicts and certain acquittals he received were inconsistent and mutually exclusive. In accordance with the rule set out in *Milam,* supra, such enumerations are rejected.

2.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Mincey] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson* is the proper test for us to use when the sufficiency of the evidence

is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

(Citations and punctuation omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

Viewed in this light, the evidence shows that Mincey, James Kimble, and an unidentified compatriot drove to the All Cash Coin & Pawn Shop on the morning of June 5, 1996, in a gold Chevrolet Caprice. This car had been stolen from South Carolina, and the locking column on its steering wheel had been broken so that it could be driven away. Exiting the car, the three men then entered the pawn shop, drew guns, and forced the two clerks on duty, Michelle Jones and Christopher Elkins, into a back storage room where they were bound and gagged. The men threatened to kill Jones and Elkins if they failed to cooperate, and Elkins testified that he remembered Mincey pointing a gun at him. While both clerks were lying on the floor, face down, one of the robbers inserted his finger into Jones' vagina. Jones immediately started crying and testified that she felt as if she had been violated.

Jones and Elkins identified Mincey as one of the robbers, both before and during trial. In addition, Elkins positively identified the car used in the commission of the robbery, and Kimble's fingerprints were found on the vehicle.

Based on this evidence, we find that the trial court properly denied Mincey's motions for a directed verdict with regard to the charges of kidnapping with bodily injury and theft by receiving property stolen in another state. Although Mincey argues, without citing any supporting precedent, that there was no showing of bodily injury to Jones and that there was no evidence showing that Mincey knew or should have known the car used in the robbery was stolen, such arguments are not supported by the record in this case. We further find that the evidence amply supported all of Mincey's convictions under the standard of *Jackson v. Virginia*, supra.

*Judgment affirmed. Beasley, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 1, 1999.

*Darden & Moyers, Richard M. Darden*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellee.