## A99A0161. GUNTER v. THE STATE.
### (517 SE2d 105)

Barnes, Judge.

After her indictment for armed robbery and attempted armed robbery, Constance Gunter was tried by jury and convicted only of criminal attempt to commit the armed robbery of Eddie Scott. She now appeals her conviction, contending that the evidence is insufficient, as a matter of law, to sustain her conviction and further contends the trial court erred by denying her motion for a directed verdict. We disagree and affirm.

A directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125, 127 (1) (312 SE2d 311) (1984). Further, the test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the appropriate one to use when the sufficiency of the evidence is challenged.

*Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

On appeal, a reviewing court may consider all the evidence in the case (*Bethay v. State*, 235 Ga. 371, 375 (1) (219 SE2d 743) (1975)) and must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, supra, 252 Ga. at 527. Further, the presumption of innocence no longer applies (*Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849) (1988)), and the appellate court determines the sufficiency of the evidence and does not weigh the evidence or judge the credibility of the witnesses. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

Viewed in the light most favorable to the verdict, the evidence shows Frankie Timmons drove his father's pickup with Eddie Scott as his passenger to visit a friend and buy marijuana or crack cocaine. Because they could not find their friend, they asked a man, later identified as Ricky Swain, for assistance, and he put them in contact with Gunter who would buy beer for them. Then, Timmons, Scott, Swain, and Gunter drove off to get the beer. After they purchased the beer and were approaching Gunter's apartment complex, Gunter, who was seated right behind Scott, started hitting Scott in the head with a beer bottle. Timmons turned and saw that Swain had a pistol; Swain said, "give me your stuff." At this point Scott escaped from the truck, but Timmons remained behind and Swain took his jewelry and money. After searching around in the truck, Gunter found a pistol that she took with her when she left.

Additionally, one of Gunter's friends testified that after the robbery, Gunter showed him the pistol and other items taken and Gunter and Swain bragged to him about the robbery. They even pointed out the victims of the crime when they passed them on the street.

Gunter, however, testified and denied participating in the robbery or attempted robbery. Swain also testified, despite his guilty pleas to the contrary, that he and Gunter did not rob Timmons or attempt to rob Scott. Nevertheless, although acquitting her of the robbery of Timmons, the jury found Gunter guilty of the attempted robbery of Scott.

Notwithstanding Gunter's denial and Swain's testimony, we conclude the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that Gunter was guilty of the attempted armed robbery of Scott. *Jackson v. Virginia*, supra. Therefore, the evidence is sufficient to support the verdict, and the trial court did not err by denying Gunter's motion for a directed verdict of acquittal.

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 3, 1999.

*C. Nathaniel Merritt,* for appellant.
*Dupont K. Cheney, District Attorney, James S. Archer, Assistant District Attorney,* for appellee.