## S00A0674. FURLOW v. THE STATE.
(537 SE2d 61)

BENHAM, Chief Justice.

This appeal is from Clinton Napoleon Furlow's convictions for murder, aggravated sexual battery, armed robbery, kidnapping with bodily injury, and five counts of kidnapping.[1] The evidence at trial showed that Furlow, some days after losing his job, sought and found a handgun, obtained a bandanna and a ski-mask, and solicited several persons to join him in a robbery. He pointed out as a target for robbery the Community Action Service Center, which was the scene of the crimes involved here. He was seen near the Community Action Service Center on the day of the crimes, dressed all in black. Just before 8:00 a.m. on the day of the crimes, a female worker at the Center was accosted by a man wearing black who was armed and was wearing a red bandanna over his face. He forced her into a back room, where another female worker was lying on the floor. After taking money from the second woman, he forced them to the floor, put his hand in one employee's pants and touched her genitals, then removed her pants and continued to touch her sexually, causing her pain and inflicting an injury to her vagina. As four other women entered the Center, he forced them into a back room. Two of those victims noticed the assailant's distinctive eyes and testified at trial that Furlow's eyes were like them, one describing the man's eyes as "weird" and "unusual." The assailant demanded money, then walked over to the woman he had fondled, said she had seen his face, and shot her in the back of the head. He then left the Center and escaped. Furlow later told a friend he had shot a woman because she saw his face.

---

[1] The offenses were committed on February 15, 1994, and Furlow was indicted on October 3, 1994, for malice murder, felony murder, aggravated sexual battery, armed robbery, kidnapping with bodily injury, and kidnapping (five counts). Notice of intent to seek the death penalty was given on November 3, 1994. At a trial conducted January 16-27, 1996, the jury convicted Furlow of all offenses except felony murder, as to which no verdict was returned, and having found the existence of aggravating circumstances, fixed the punishment for murder at life without parole. The trial court sentenced Furlow to life imprisonment without parole for murder, and to 20 years for aggravated sexual battery, life for armed robbery, life for kidnapping with bodily injury, and 20 years each for the five counts of kidnapping, all the sentences to run consecutively. Furlow's motion for new trial, filed February 14, 1996, was heard and denied on November 19, 1999. Following the filing of a notice of appeal on December 7, 1999, the record was transmitted to this Court and the appeal was docketed here on January 7, 2000, and was submitted for decision on the briefs.

1. The evidence at trial, though circumstantial, was sufficient to establish as fact the events set out above, to exclude every reasonable hypothesis save that of guilt, and to authorize a rational trier of fact to find Furlow guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brinson v. State*, 272 Ga. 345 (1) (529 SE2d 129) (2000); *Gulley v. State*, 271 Ga. 337 (519 SE2d 655) (1999); *Martin v. State*, 271 Ga. 301 (518 SE2d 898) (1999); *Mincey v. State*, 237 Ga. App. 463 (515 SE2d 433) (1999); *Ouzts v. State*, 216 Ga. App. 194 (453 SE2d 801) (1995).

2. Furlow complains in a second enumeration of error that the trial court erred in permitting improper identification testimony and an "evidentiary view" of Furlow's eyes. As to the testimony complained of, Furlow made no objection at trial and has, therefore, waived objection on appeal. *Rhodes v. State*, 271 Ga. 481 (2) (521 SE2d 579) (1999). As to the other issue, we find no error for the reasons that follow.

The perpetrator of the crimes involved here wore a mask that prevented the witnesses from seeing his face. His eyes, however, were visible, and two witnesses testified to having paid close attention to his eyes and that Furlow's eyes looked like those of the perpetrator. After that testimony, the trial court permitted the jury, at the State's request and over Furlow's objection, to approach the defense table in the courtroom and look at Furlow's eyes. Furlow now contends that the procedure employed by the trial court was not proper and that it prejudiced the jury against him.

The trial court decided this issue, and Furlow and the State argue it, in terms of "jury views," which typically involve taking the jury to view a crime scene or a piece of evidence too large to bring into the courtroom. See *Jordan v. State*, 247 Ga. 328, 345 (9) (276 SE2d 224) (1981). We see no need, however, to adopt an analysis not directly applicable to the procedure involved in the present case: Furlow's eyes were not themselves admitted into evidence, and the jury was not taken to the scene of the crime. Instead, we consider the trial court's action to be no more than an effort to facilitate the conduct of the trial in this case. "No principle is better settled than that in the conduct of trials, both civil and criminal, a broad discretion is vested in the judge below, and that that discretion will not be controlled by this court unless it is manifestly abused." *May v. State*, 120 Ga. 497 (48 SE 153) (1904). Considering the testimony that the perpetrator's eyes were unusual, and the trial court's observation that the jury could not see Furlow's eyes from where it sat, we see no abuse of the trial court's discretion in permitting the jury to approach the defense table to see Furlow's eyes.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2000.

Clinton N. Furlow, *pro se.*
William T. McBroom III, *District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.