## S06A0954. COLEMAN v. COLEMAN.
### (636 SE2d 527)

BENHAM, Justice.

Mary Helen Coleman filed a petition for divorce from James R. Coleman in 2000 seeking equitable division of property, custody of their child, child support, alimony, and attorney fees. Mr. Coleman answered, denying many of the factual assertions of the petition, and counterclaimed, seeking joint custody of their child, equitable division of property, and an injunction against disposing of property pending appeal. When neither party appeared for a specially set final hearing, the trial court conducted a pretrial conference with counsel and entered an order setting the case again for a final hearing, providing specifically that "each party seeking redress from this Court must be present at said time in order to be granted any redress from this Court." Mr. Coleman obtained a certificate of immediate review and sought interlocutory appeal of that order. This Court granted Mr. Coleman's application, posing the question, "In a pending divorce action, did the trial court err by issuing an order in which it stated that it would not grant any redress to the parties if they chose not to be present at the final divorce hearing?"

Trial courts are vested with a broad discretion in the conduct of trials (*Furlow v. State*, 272 Ga. 795 (2) (537 SE2d 61) (2000)), but

neither the order under review here nor the record in this case demonstrates an exercise of such discretion by articulating a basis for the decision. When, as here, an appellate court cannot determine whether a trial court has exercised discretion, the proper remedy is to remand the case to the trial court. *Mathes v. Mathes,* 267 Ga. 845 (483 SE2d 573) (1997); *Padilla v. Melendez,* 228 Ga. App. 460 (491 SE2d 905) (1997). Accordingly, we reverse the trial court's order and remand the case with direction that the trial court, in its reconsideration of this matter, exercise its discretion and enter a new order which articulates the basis for the decision in such a manner as to permit appellate review.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED OCTOBER 16, 2006.

*Dupree, King & Kimbrough, Michael S. Kimbrough,* for appellant.
*Gregory J. Konke,* for appellee.