## A10A2057. SMITH v. THE STATE.
(707 SE2d 135)

PHIPPS, Presiding Judge.

After a joint trial, a jury found Douglas Smith and Andrea Sinyard guilty of multiple drug offenses,[1] and Smith guilty of possession of a firearm by a convicted felon. Smith appeals his convictions, asserting that the court erred in denying his motion for mistrial after a witness testified to a statement made by Sinyard. Smith argues that, because Sinyard herself did not testify at trial, the evidence of her statement violated the Confrontation Clause and the rule set forth in *Bruton v. United States*.[2] Finding no abuse of discretion,[3] we affirm.

In *Bruton v. United States*,[4] the Supreme Court of the United States held that the admission of a powerfully incriminating extra-judicial statement of a nontestifying co-defendant can pose a substantial threat to a defendant's rights under the Confrontation Clause that cannot be cured by a limiting instruction.[5] *Bruton*, however, "only excludes statements by a non-testifying co-defendant that directly inculpate the defendant, and . . . *Bruton* is not violated if a co-defendant's statement does not incriminate the defendant on its face and only becomes incriminating when linked with other evidence introduced at trial."[6]

The state sought to prove at trial that Smith lived at Sinyard's residence, where controlled substances and firearms had been found by law enforcement. A police officer who had searched Sinyard's residence testified to finding various items indicating that Smith lived there, including mail addressed to him and a bank card bearing his name. Counsel for Sinyard then asked: "[D]id you discover any other physical evidence that Douglas Smith resided at [the residence]?" The officer responded: "Just the mail, the clothing, *and Ms. Sinyard's statements*."[7] Smith objected and moved for a mistrial, which the court denied. The court instead instructed the jury that,

---

[1] Trafficking in cocaine, possession of cocaine with intent to distribute, possession of cocaine, possession of methamphetamine with intent to distribute, possession of methamphetamine, possession of methylenedioxymethamphetamine, and possession of more than one ounce of marijuana.

[2] 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

[3] See *Nelms v. State*, 285 Ga. 718, 721 (2) (b) (681 SE2d 141) (2009) (reviewing for abuse of discretion court's denial of motion for mistrial on *Bruton* grounds).

[4] Supra.

[5] Id. at 135-137.

[6] *Moss v. State*, 275 Ga. 96, 98 (2) (561 SE2d 382) (2002) (footnote omitted); see *Richardson v. Marsh*, 481 U. S. 200, 211 (107 SC 1702, 95 LE2d 176) (1987) (declining to extend *Bruton* rule beyond facially incriminating confessions of nontestifying co-defendants and holding that, under other circumstances, a limiting instruction may be appropriate).

[7] (Emphasis supplied.)

[i]n determining the issue of the residence [of Defendant Smith] you shall not consider any out-of-court statements, if there were any, made by the co-defendant, Ms. Sinyard, or any references by any State's witness to any out-of-court statements that the witness contends were made by the co-defendant Sinyard.

We discern no error. Although the challenged testimony referred to the existence of statements made by Sinyard, it did not describe the contents of any such statements.[8] Thus, the challenged testimony did not present to the jury any co-defendant's statement clearly incriminating Smith in violation of *Bruton*.[9]

When, earlier in the trial, a different witness testified about specific statements made by Sinyard — that she was married to someone named "Doug" who was "at home with her child" and that "they lived [at Sinyard's residence]" — Smith did not object. He thus has waived any claim of a *Bruton* violation based on this earlier testimony, because a motion for mistrial based on *Bruton* must be made at the time the testimony objected to is given, and it is not timely if counsel makes the motion later in the trial.[10]

Under these circumstances, the trial court did not abuse its discretion in giving a curative instruction rather than granting Smith's motion for mistrial.[11]

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*

DECIDED MARCH 3, 2011.

*Mary Erickson*, for appellant.
*J. Bradley Smith, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[8] See *Ham v. State*, 303 Ga. App. 232, 243 (5) (a) (692 SE2d 828) (2010) (detective's testimony about the existence of a co-defendant's statement as evidence did not, standing alone, directly incriminate the defendant; thus, no *Bruton* violation found).

[9] See id.

[10] See *Thaxton v. State*, 260 Ga. 141, 143 (5) (390 SE2d 841) (1990).

[11] See *Moss*, supra at 99; *Ham*, supra.