A11A0878. GAITHER v. THE STATE.
A11A1435. ALEXANDER v. THE STATE.
(717 SE2d 654)

SMITH, Presiding Judge.

Nacorey Alexander and Daraldo Gaither, who are brothers, were indicted with Rashard Usher and Brandon Ward on one count of battery and four counts of aggravated assault.[1] Alexander and Gaither were tried together, and a jury found them guilty of four counts of aggravated assault.[2] Their amended motions for new trial were denied, and they appeal. Finding no reversible error, we affirm.

Construed in favor of the jury's verdict, the facts show that, on August 26, 2007, Usher had an argument with the victim, his estranged wife and the mother of two of his children, the child victims in this case. During the argument, Usher grabbed the victim's keys and cell phone and hit her in the mouth. After calling the police, the victim returned to the home where she lived with her boyfriend, the father of her unborn child. A short time later, she, her

---

[1] Usher and Ward pleaded guilty before trial to fewer than all counts.
[2] The battery charge was redacted after the State nol prossed that charge.

boyfriend, and the two child victims were standing together on the small front porch of their home when a black SUV that she recognized as belonging to Ward's mother drove up to the house with four men inside.

Alexander and Ward exited the SUV, exchanged words with the victim's boyfriend, and returned to the vehicle. All of the occupants of the SUV then emerged with firearms. Alexander, Gaither, and Usher approached the boyfriend, who backed up onto the porch steps and fell. The victim testified that "the guns were pointed at the porch, at everybody on the porch." Gaither struck the victim's boyfriend on the head with his pistol, and then multiple shots were fired. The victim was shot in the upper thigh, breaking her femur, and her boyfriend was shot in the right shoulder.

The victim was not sure whether Alexander or Gaither fired the first shot; the victim's boyfriend testified that Alexander had his pistol pointed at him and that he tried to knock it away but was shot by "the other dude." Both victims identified Alexander and Gaither as the individuals who attacked them. The children were next to their mother, crying and screaming as the shots were fired.

### Case No. A11A0878

1. Gaither asserts the general grounds as to Counts 3 and 4, aggravated assault upon the two children. He contends that the evidence is insufficient because the children, who were two and three years old at the time, did not testify. For that reason, he contends, the State did not show that the children were "in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (2). But all the victims were together in a group on the "pretty small" porch, and the victim testified that the guns were pointed at "everybody on the porch." Gaither's "act of firing his weapon into the group made each individual in the group a separate victim." (Citations omitted.) *Pace v. State*, 239 Ga. App. 506, 509 (6) (521 SE2d 444) (1999). And testimony that the children were crying and screaming when appellant fired into the group "was sufficient for the jury to conclude that they, too, had a reasonable apprehension of receiving a violent injury." *Robertson v. State*, 245 Ga. App. 649, 651 (1) (538 SE2d 755) (2000) (appellant fired three times into vehicle occupied by two adults and two children, wounding one adult; testimony that children were crying sufficient to support conviction for aggravated assault on children). The evidence was sufficient to uphold Gaither's conviction under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Gaither contends the trial court erred in failing to merge the aggravated assault convictions. This enumeration of error is without

merit. Although the convictions arose from the same acts, they did not merge as a matter of fact or law because each count was based upon harm to a different victim. *Pace*, supra; *Harris v. State*, 272 Ga. App. 366, 373 (6) (612 SE2d 557) (2005).

3. Finally, Gaither alleges ineffective assistance of counsel in two respects: counsel's alleged failure to object to improper bolstering testimony and counsel's failure to object to the jury being allowed to view transcripts of witnesses' testimony. For Gaither "to succeed on his claim of ineffective assistance of counsel, he must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Moreover, we accept the trial court's factual findings and credibility determinations unless clearly erroneous." (Citations and punctuation omitted.) *Jackson v. State*, 288 Ga. App. 432, 433 (1) (654 SE2d 232) (2007). Here, the trial court entered a lengthy order on Gaither's ineffective assistance claims and made specific credibility judgments regarding the testimony of trial counsel and the evidence presented at trial, based on the trial court's observations at trial and at the hearing on Gaither's motion for new trial.

(a) Gaither first complains that counsel was ineffective in failing to object to the testimony of a police detective regarding the victim's "truthfulness in her statement to [a police officer] and identification of Appellant because [the officer's] testimony constituted harmful improper bolstering."[3] The State correctly points out that Gaither is attempting to expand his original allegation of ineffectiveness on appeal. In his motion for new trial, Gaither asserted only that counsel was ineffective in failing to object to the prosecutor's questioning of the detective concerning whether the victim was truthful when she "gave her *initial* statement to [the officer] and identified the defendants." (Emphasis supplied.) The trial court ruled only on that assertion.

Where new counsel raises the issue of trial counsel's ineffectiveness on motion for new trial, any ineffective assis-

---

[3] This allegation arises from the fact that the victims initially identified Alexander, Usher, and Ward as the perpetrators of the assault, and only later named Gaither as a fourth assailant. The complained-of statement occurred after Gaither's counsel cross-examined both the victim and the detective on the inconsistency. On cross-examination of the victim, her truthfulness was called into question. The prosecutor asked the detective on redirect if it was unusual in his experience for victims who were injured to remember more details, such as the number of suspects, after being treated. The prosecutor then asked the detective, "Based on your experience, did you feel like she was not being truthful when she initially gave the statement to [the officer]?" and the officer responded, "No." The prosecutor then asked, "Based on your experience in interviewing victims and showing photographic lineups, did you feel that she was being truthful when she identified the four individuals in the lineups?" and the officer responded, "Yes."

tance of trial counsel claims not raised at that time are waived. Such claims unasserted at the trial level are procedurally barred, and once a claim is procedurally barred, there is nothing for this Court to review. Because [appellant] has waived this particular ineffective assistance claim, we do not address the same.

(Citations, punctuation and footnotes omitted.) *Bell v. State*, 306 Ga. App. 853, 860 (3) (703 SE2d 680) (2010). Each specific instance of failure to object must be asserted in the court below. *Kohlhaas v. State*, 284 Ga. App. 79, 83 (2) (b), n. 3 (643 SE2d 350) (2007) (appellant attempted to raise trial counsel's failure to object to four statements in prosecutor's closing argument, but raised only two in the trial court; ineffectiveness claims arising from two other statements waived). Gaither may not now expand his assertion in the trial court to include other statements by the victim or any questions directed to detectives concerning those later statements.

With respect to the claim of ineffective assistance that was preserved for review, Gaither cannot demonstrate either that counsel's performance was deficient or that the deficient performance prejudiced the defense. In the victim's initial statement, she identified three perpetrators by name, and omitted Gaither entirely. The testimony therefore exculpated Gaither, and we agree with the trial court's finding that the testimony was not prejudicial; it was highly unlikely that it changed the outcome of the trial. *Anderson v. State*, 257 Ga. App. 602, 603 (2) (c) (571 SE2d 815) (2002) (failure to object to testimony favorable to defendant "considered a matter of trial tactics and strategy").

(b) In Gaither's second claim of ineffective assistance, he contends trial counsel was ineffective "in failing to object to the trial court sending transcripts of [the victims'] trial testimony back to the jury room with the jurors during deliberations in violation of the continuing witness rule."

During deliberations, the jury sent a note to the trial court asking to review the testimony of the victims, and requesting that a copy of the transcript be sent to the jury room. The court conferred with all counsel and stated, "I would propose to tell them we can provide that to them, but we don't have time to provide it today. It would be tomorrow morning before we could have it available, and then they can tell us whether they want it." The court asked each counsel individually if that procedure was "agreeable," and Gaither's counsel responded, "Yes, your honor." The trial court then instructed the jury: "We can prepare that for you, but I don't think we can get it prepared for you today. It would be tomorrow morning. [The court reporter] has to transcribe that. So if you will just go back to the jury room and

continue deliberations. If you do want that testimony, let us know and we'll start working on it." On the same day, the jury sent another note confirming that they would like the transcript. The proceedings were adjourned and resumed at 9:00 the next morning. The trial transcript for the following day indicates that a verdict was returned immediately. Nothing in the trial transcript, however, shows that the daily transcripts of the victims' testimony were ever delivered to the jury.

At the hearing on the motion for new trial, Gaither's trial counsel indicated that he believed the daily transcripts were prepared because he had a copy.[4] He also had a "fuzzy" recollection, derived from a conversation with an individual he could not identify, that the transcripts were sent out to the jury on the following morning. He also believed that "shortly after they got them they came back with a verdict."

Even assuming that the transcript of the victims' testimony was sent out with the jury, and assuming that trial testimony rather than documentary evidence violates the continuing witness rule, Gaither has not shown that counsel was ineffective in agreeing to this procedure or that his ineffectiveness prejudiced the defense. The trial court specifically found that trial counsel could not assert that he should have objected to a procedure that he knew was "atypical" but explicitly agreed to. And Gaither has not shown how a brief review of the victims' testimony,[5] including cross-examination in which their credibility was called into question, affected the verdict. In addition, all counsel had already agreed that a transcript of another eyewitness's testimony could be transcribed by the court reporter and sent out to the jury, and Gaither does not allege ineffectiveness in that instance.

Moreover, allowing the jury to read a transcript that they specifically requested was not error.

> We disagree that the trial court erred in allowing the jury to read the transcript. The trial court has discretion to grant the jury's request to rehear portions of the evidence in the courtroom after the jury has retired and begun deliberations and has discretion to allow the jury to rehear other portions of the evidence not specifically requested to avoid placing undue influence on the specific evidence requested.

---

[4] No copy of a daily transcript appears in the record.

[5] Gaither's appellate counsel argues that the transcripts were "likely reviewed in [sic] numerous times in the jury room." But this contradicts trial counsel's testimony, the only testimony on record, that the jury returned a verdict "shortly after" they received the transcripts.

> Neither is it error for a trial court to allow a jury to read a transcript of testimony where the jury asks to hear the tape recording of the testimony. In order to demonstrate an abuse of the trial court's discretion, appellant must show that there are "special circumstances" that would make it unjust to allow the jury to revisit the evidence. Appellant has shown no such special circumstances.

*Watkins v. State*, 273 Ga. 307, 310 (3) (540 SE2d 199) (2001) (jurors read transcript in jury box). And allowing the jury to review the transcript in the jury room rather than in the courtroom, while incorrect, "amounted only to rehearing admissible material evidence, albeit at an unauthorized place." *Nixon v. State*, 234 Ga. App. 797, 799 (1) (507 SE2d 833) (1998) (recording played and transcripts reviewed in jury room during deliberations). This enumeration of error is without merit.

### Case No. A11A1435

4. Alexander asserts 11 enumerations of error in his 14-page brief. We first note the severe deficiencies of this brief, which fails to comply with the rules of this court in numerous respects. See Court of Appeals Rule 25. Alexander presents an inadequate statement of facts with only one citation to the record, a single page apparently intended to constitute his enumeration of errors but containing no statement of the alleged errors and styled "TABLE OF CONTE [sic]", and nine pages of argument for eleven enumerations of error. The arguments themselves are truncated to the point of incomprehensibility, with fragmentary and incomplete sentences that leave this court in considerable doubt as to what, exactly, Alexander may be asserting.

> Briefs that do not conform to the rules regarding enumerations of error, structure of briefs, argument, or citation of authorities, as [Alexander's] fails to do, are not merely an inconvenience or grounds for refusing to consider a party's contentions. Such briefs hinder this court in determining the substance and basis of an appellant's contentions both in fact and in law and may well prejudice an appellant's appeal . . . . Nevertheless, we will address [Alexander's] arguments, insofar as we are able to ascertain them from his brief.

*Salazar v. State*, 256 Ga. App. 50 (567 SE2d 706) (2002).

5. In a very brief argument labeled "Prosecutorial Misconduct

Error,'' Alexander first appears to be complaining about the trial court sustaining a prosecutor's objection to a police officer's testimony, but does not explain how this constitutes prosecutorial misconduct. In the next two sentences he complains that the prosecutor "spoke negatively" about his wife's failure to testify. Alexander then refers to a telephone call made before the warrant issued for his arrest. How these wide-ranging and unsupported assertions constitute prosecutorial misconduct or even error is never explained by Alexander. Moreover, to the extent Alexander has identified the incidents complained of, he raised no objection at trial and he therefore has waived any claim of error on appeal. *Furlow v. State*, 272 Ga. 795, 796 (2) (537 SE2d 61) (2000).

6. In a one-sentence argument, Alexander claims the trial court erred when his co-defendant impeached the victims with their prior criminal convictions. But he offers no argument or citation of authority, nor does he explain in what manner the trial court erred or how the evidence harmed him since it impeached prosecution witnesses. Moreover, Alexander's counsel stated at the time that he had no objection to the admission of the records of conviction. This enumeration therefore is waived. *Cayruth v. State*, 273 Ga. App. 166, 166-167 (2) (614 SE2d 809) (2005).

7. Alexander next objects that the trial court "allowed the continued misidentification of the defendants in the case." But the victim testified that she had known both Alexander and Gaither for approximately five years, and her boyfriend testified that he was acquainted with Alexander. Moreover, Alexander raised no objection to either identification. Alexander's argument — that the victims gave conflicting accounts of what happened and how many people were involved in the attack — goes not to identification as such, but to inconsistencies in their testimony. These inconsistencies were addressed extensively at trial, and the resolution of such conflicts was for the jury. *Nelson v. State*, 242 Ga. App. 63, 64 (1) (528 SE2d 844) (2000).

8. Alexander contends the trial court erred in admitting hearsay, citing the victim's testimony regarding a telephone call she received from Usher. But this testimony was part of the res gestae because it explained the victim's dispute with Usher over the children, which occurred immediately before and led directly to the confrontation and assaults.

> Acts are pertinent as part of the res gestae if they are done pending the hostile enterprise, and if they bear upon it, are performed whilst it is in continuous progress to its catastrophe, and are of a nature to promote or obstruct, advance or retard it, or to evince essential motive or purpose in

reference to it. And the State is entitled to inform the jury of all the circumstances surrounding the commission of the crime or crimes charged.

(Citations and punctuation omitted.) *Jones v. State*, 294 Ga. App. 854, 856 (3) (670 SE2d 506) (2008) (evidence of conversations and acts over period of months leading up to sale of cocaine part of res gestae). The trial court did not err in allowing this testimony.

9. In less than a single page of his brief, Alexander contends that he received ineffective assistance of counsel in three respects. His arguments are short and incomprehensible, cite little or no legal authority, and contain at best cryptic references to the trial transcript. Nevertheless, we have examined each of his contentions and find all to be without merit.

10. Alexander asserts that the trial court should have declared a mistrial on account of various statements made by the prosecutor concerning the victim's children and her pregnancy. But Alexander raised no objections at trial, and he therefore has failed to preserve this enumeration for review. *Furlow*, supra. The only objection raised was to the introduction of a photograph of the child victims, not to any statements by the prosecutor.

11. Alexander next raises a claim of a *Bruton*[6] error with regard to the victim's testimony about a telephone call she received from him, in which he exculpated himself and inculpated Gaither. But the call was made by Alexander himself, not a co-defendant, and thus does not implicate *Bruton* with respect to Alexander. *Sims v. State*, 243 Ga. 83, 84 (1) (252 SE2d 501) (1979). Moreover, Alexander declined to object or to join the objection made by his co-defendant, and any claim of error therefore is waived. *Smith v. State*, 308 Ga. App. 190, 191 (707 SE2d 135) (2011). Finally, Alexander took the stand and testified, at his own insistence and against the advice of his counsel, thereby eliminating any basis for a *Bruton* objection. *Murphy v. State*, 246 Ga. 626, 629 (3) (273 SE2d 2) (1980); *Arnold v. State*, 200 Ga. App. 476, 476-477 (1) (408 SE2d 447) (1991).

12. Alexander contends the trial court erred in refusing to charge on battery and simple assault, although he requested only a charge on simple assault. Alexander makes no argument with respect to a jury charge on battery, and we therefore treat that contention as abandoned. Court of Appeals Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned"). And while Alexander complains that a charge on simple assault was not made

---

[6] *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

as part of the trial court's charge on aggravated assault, the trial court in fact gave verbatim the charge that Alexander complains was not given. This enumeration of error is without merit.

13. Alexander's remaining enumerations of error appear entirely duplicative of those already discussed and have no merit for the reasons stated above.

*Judgments affirmed. Mikell and Dillard, JJ., concur.*

DECIDED OCTOBER 14, 2011 — 

*Jennifer A. Trieshmann*, for appellant (case no. A11A0878).
*James E. Watkins*, for appellant (case no. A11A1435).
*Robert D. James, Jr., District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.